IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | 8:06V23 |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) ) | **AND ORDER** |
| CHRISTINA KYRIAKOS PATRINOS, | ) ) | |
| Defendant. | ) | |

This is an enforcement action brought the Secretary of Labor (Secretary) pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (FLSA), against Christina Kyriakos Patrinos (Patrinos), who served as secretary, treasurer, and chief financial officer for Strategic Marketing, Innovations & Solutions, Inc. (SMIS).[1] Invoking the statutory definition of "employer", see 29 U.S.C. §§ 203(d), the Secretary alleges that Patrinos was "act[ing] directly or indirectly in the interest of . . . Strategic Marketing, Innovations & Solutions, Inc. in relation to its employees." (Complaint (filing 1) ¶ II.)  It is claimed that SMIS's employees did not receive minimum wages or overtime compensation.

Patrinos has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that no facts are alleged to show that she was an "employer".  Patrinos has also moved to strike an amended answer that she filed on June 30, 2006, while acting pro se.[2]  Both motions will be denied.

---

[1] SMIS originally was named as a defendant in this action, but after a default judgment was entered against it in a related case, 8:04CV388 (filing 59), it was dismissed with prejudice.  (Filing 18.)

[2] Patrinos was appointed counsel on December 4, 2006.

The Secretary objects that the Rule 12(b)(6) motion is untimely. Technically, she is correct. The seven defenses enumerated in Rule 12(b) "may at the option of the pleader be made by motion," but the rule specifies that "[a] motion making any of these defenses <u>shall be made before pleading</u> if a further pleading is permitted." Fed. R. Civ. P. 12(b) (emphasis supplied).[3] However, an untimely Rule 12(b)(6) motion instead may be treated as a Rule 12(c) motion for judgment on the pleadings.[4] See <u>Westcott v. City of Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990); <u>St. Paul Ramsey County Med. Ctr. v. Pennington County</u>, 857 F.2d 1185, 1187 (8th Cir.1988). See also Fed. R. Civ. P. 12(h)(2) ("A defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.").

A Rule 12(c) motion is subject to the same standard of review as a Rule 12(b)(6) motion. See <u>Westcott</u>, 901 F.2d at 1488. To state a claim upon which relief can be granted, each element of the claim must be pled in the complaint. <u>Brown v. Simmons</u>, 478 F.3d 922, 923 (8th Cir. 2007). The court accepts all factual allegations in the complaint are as true, and grants every reasonable inference in favor of the nonmovant. <u>Id.</u> It is "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set

---

[3] Patrinos argues that the motion should be considered timely because "once Defendant was appointed legal counsel, the motion was filed within a reasonable time and before the deadline for filing the Second Amended Answer." (Defendant's reply brief (filing 35), at 2.) She claims in this regard that "a March 1, 2007 deadline was set for a Second Amended Answer." (<u>Id.</u>, n.1.) This argument, in addition to being nonresponsive, is misleading because it suggests that Patrinos was granted leave of court to file a second amended complaint. March 1st was simply the last date that either party could file "[a]ny motion to amend pleadings and/or add parties." (Filing 24.) That court-imposed deadline passed without Patrinos filing a motion for leave to amend, and it will not be extended by reason of her filing the pending motions.

[4] "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

2

of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal. Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006).

Patrinos complains that there are no facts alleged in the complaint to establish that she is an "employer" for purposes of the FLSA. Employer status is "an issue of fact to be determined . . . based on the evidence in the case," Wirtz v. Pure Ice Co., 322 F.2d 259, 262 (8th Cir. 1963), and I find it sufficient that Patrinos is alleged to have been SMIS's secretary, treasurer, and chief financial officer, and to have acted directly or indirectly in the interest of SMIS in relation to its employees. The positions held by Patrinos are such that she might reasonably be expected to have had control over SMIS's wage compensation policies and practices. See Miller v. Colorcraft Printing Co., Inc., No. 3:03CV51-T, 2003 WL 22717592, *4 (W.D.N.C. Oct. 16, 2003) (recognizing that the fact-specific nature of the individual liability inquiry under the FLSA and similar statutes has caused most courts to deny motions to dismiss for failure to state a claim where a job title sufficient to infer some operational control has been alleged) (collecting cases). "It is not necessary to plead evidence under federal principles of notice pleading." McGowne v. Challenge-Cook Bros., Inc., 672 F.2d 652, 665 (8th Cir. 1982); Fed. R. Civ. P. 8(a).

As grounds for the motion to strike, Patrinos merely references the previously filed Rule 12(b)(6) motion and indicates that the amended answer was a pro se pleading. In the words of her attorneys, Patrinos "moves this Court under Fed. R. Civ. Proc. 12(f) to strike Defendant's amended answer as immaterial at this time" because "at the time Defendant's amended answer was filed Defendant was not represented by counsel" and because "Defendant has a good faith basis for seeking to have these proceedings dismissed under Fed. R. Civ. P. 12(b)(6), as demonstrated by Defendant's Motion to Dismiss under that rule and filed with this Court (Doc. 27)." (Filing 31.)

Rule 12(f) pertains to a "motion made by a party before responding to a pleading or . . . within 20 days after the service of the pleading upon the party" to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It has no application to a "motion to strike" the movant's own pleading. Thus, rather than deciding whether the amended answer is "immaterial" because of the Rule 12(b)(6) motion (which I have now found to be non-meritorious), I will consider whether Patrinos should be granted leave to withdraw her amended answer and will apply the same standard as for granting leave to amend under Federal Rule of Civil Procedure 15(a). "A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed. R. Civ. P. 15(a); however, it may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." McAninch v. Wintermute, 478 F.3d 882, 890 (8th Cir. 2007).

To the extent that the motion to strike the amended answer was intended to remove a procedural bar to a challenge that the complaint fails to state a claim upon which relief can be granted,[5] that issue is now moot.[6] The only other reason given for striking the amended answer is that Patrinos was not represented by counsel at the time it was filed. Pro se parties, however, are bound by the same rules of practice as procedure as parties who have attorneys. See NEGenR 1.3(g). See also Soliman v.

---

[5] Although Patrinos did not file a brief in support of her motion to strike, she argues in her reply brief in support of the motion to dismiss that she "prepared the answer without knowledge that she had the right to object to the sufficiency of the complaint in and of itself and that filing an answer might prejudice that right." (Filing 35, at 2.)

[6] In any event, striking the amended answer would cause Patrinos' original answer to be reinstated, so the procedural bar to filing a Rule 12(b)(6) motion would remain. See Aetna Life Ins. Co. v. Phillips, 69 F.2d 901, 903 (10th Cir. 1934) (where an amended or supplemental pleading is stricken from the files, the original pleading is restored), overruled on other grounds in Davis v. TXO Production Corp., 929 F.2d 1515, 1518 (10th Cir. 1991).

Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir.1983) (per curiam) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law."). Patrinos argues that the answer has "many glaring deficiencies," but the only ones identified are that "the answer is not even laid out to match the individual sections of the complaint" and it is "filled with argument and affirmative defenses." (Filing 35, at 2.) These are things that might have been corrected with the filing of a third amended complaint, but only after making a particularized showing that the amendment was in the interest of justice.[7] No legitimate reason to strike or withdraw the amended complaint has been advanced.

Accordingly,

IT IS ORDERED that:

1. Defendant's motion to dismiss (filing 27) is denied.
2. Defendant's motion to strike (filing 31) is denied.

April 9, 2007.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[7] Our local rules provide: "A party who moves for leave to amend a pleading (including a request to add parties) shall file as an attachment to the motion an unsigned copy of the proposed amended pleading. Except as provided in these rules or by leave of court, the proposed amended pleading must be a complete pleading which, if allowed to be filed, supersedes the pleading amended in all respects; no portion of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading, state whether the motion is unopposed, and identify the amendments in the proposed amended pleading." NECivR 15.1(a).